UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,

      - against -                           17 CR 490 (NRB)

FRANKLYN STERLING and XAVIER           **MEMORANDUM AND ORDER**
DELISER,

             Defendants.
-------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendants Franklyn Sterling and Xavier Deliser stand charged in a single-count indictment with murder through the use of a firearm during and in relation to crimes of violence in violation of 18 U.S.C. § 924(j) and 2. ECF No. 1. Before the Court are defendants' motions to: (1) dismiss the indictment, or, in the alternative, compel disclosure of grand jury minutes, ECF Nos. 50 and 51; (2) compel disclosure of material relating to out-of-court identifications and further that the Court hold a Wade hearing to explore the circumstances surrounding the identifications, ECF No. 59; (3) compel disclosure of Brady and Giglio material, id.; and (4) require the Government to provide defendants with typed, substantially verbatim notes of the Government's meetings with potential witnesses, ECF No. 60.[1]

---

[1] Defendants made several other motions that have either been obviated by the Government's response, see Def. Sterling's Reply Ltr. ("Reply Br.") at 1, Apr. 26, 2019, ECF No. 67, or resolved by the Court in its letter to the parties dated April 30, 2019, see Ltr., ECF No. 68.

We address the merits of each motion in turn, beginning with defendants' motion to dismiss the indictment. Defendants argue that the Government failed to disclose certain exculpatory evidence during the course of the grand jury proceedings, and further that a testifying law enforcement agent misled grand jurors in responding to a question about the appearance of another suspect ("Individual-1"). Defendants' allegations are not grounds for dismissing an otherwise valid indictment. As defendants acknowledge, "the government ha[s] no duty to present exculpatory evidence to the grand jury."[2] United States v. Bove, 888 F.3d 606, 611 (2d Cir. 2018) (citing United States v. Williams, 504 U.S. 36, 46 (1992)). Moreover, "defendant[s'] complaint that a government agent gave the grand jury misleading testimony . . . is in essence a challenge to the reliability or competence of the evidence and, absent other prosecutorial misconduct, will not support dismissal of an indictment." United States v. Jones, 164 F.3d 620 (2d Cir. 1998); see also Williams, 504 U.S. at 54–55. Because neither the failure to disclose exculpatory evidence nor the presentation of allegedly misleading testimony is sufficient to warrant dismissal of an otherwise valid indictment, defendants' motion is denied.[3]

---

[2]    That the Government nevertheless *did* present substantial exculpatory evidence relating to the arrest and initiation of state grand jury proceedings against Individual-1 did not trigger some greater obligation to disclose additional evidence favorable to the defense.

[3]    Given that defendants have failed to make "concrete allegations of Government misconduct," United States v. Leung, 40 F.3d 577, 582 (2d Cir. 1994),

Defendants have also failed to persuade the Court that they are entitled to a Wade hearing to assess the suggestiveness and reliability of a cooperating witness's identifications of defendants. "A pre-trial hearing on the reliability of identification evidence is not required." United States v. Salomon-Mendez, 992 F. Supp. 2d 340, 342 (S.D.N.Y. 2014). Rather, to be entitled to a hearing a defendant "must allege facts supporting his contention that the identification procedures used were impermissibly suggestive." United States v. Berganza, No. 03 Cr. 987, 2005 WL 372045, at *10 (S.D.N.Y. Feb. 16, 2005). Defendants' conclusory assertion that the appearance of the phrase "CONFIDENTIAL FOR LAW ENFORCEMENT USE ONLY" below Sterling's photograph rendered the procedure "overwhelming[ly] suggestive," Reply Br. at 2, fails to satisfy this burden, as nine of the other ten photographs used in the array also contain clear indicia of a connection to law enforcement, such as arrest dates, arrest numbers, and conspicuous headers reading "NY/NJ HIDTA [High Intensity Drug Trafficking Areas]" or "New York City Police Department." Moreover, defendants' mere speculation that a hearing may reveal unduly suggestive conduct on the part of law enforcement agents administering the procedures is "insufficient to warrant a pre-trial hearing on the identification evidence."

---

we further deny defendants' request to compel production of the grand jury minutes.

United States v. Padilla, No. S1 94 CR. 313 (CSH), 1994 WL 681812, at *8 (S.D.N.Y. Dec. 5, 1994).

Although, given the absence of any showing of undue suggestiveness or impropriety, no further inquiry is required for the Court to reject defendants' motion for a Wade hearing, see Raheem v. Kelly, 257 F.3d 122, 133 (2d Cir. 2001), we nevertheless find that the cooperating witness's familiarity with each defendant provides an independent ground for denying defendants' request. See Salomon-Mendez, 992 F. Supp. at 342–43 (S.D.N.Y. 2014) (relying on the Government's representation that an identifying witness had a prior relationship with the defendant in denying a motion for a Wade hearing); Wiggins v. Greiner, 132 F. App'x 861, 865 (2d Cir. 2005) ("[The witness's] independent ability to identify [the defendant] was demonstrated in an even more convincing manner [than providing a description of the murderer]: he provided his name."). The witness here told law enforcement that he had previously participated in armed robberies with Sterling and had "had problems with [Deliser] in the past," Gov't.'s Opp. Br. at 18, ECF No. 63, and further referenced each defendant by name prior to seeing their photographs. For all of these reasons, we deny defendants' motion for a Wade hearing.[4]

---

[4]     In light of the foregoing, we also deny defendants' motion for an order compelling the production of all "law enforcement notes/reports surrounding the viewing [of the photographs used in the identification procedures]." Def. Sterling's Omnibus Mot. at 4, ECF No. 59. To be clear, this decision does not circumscribe the scope of the Government's discovery obligations under Giglio

We next turn to defendants' request for an order compelling the immediate disclosure of Brady and Giglio material, which defendants contend includes an explanation as to why the Government apparently rejected an eyewitness's identification of Individual-1. Until proven otherwise, we accept the Government's unequivocal representations that it has complied with (and will continue to comply with) its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963). See United States v. Underwood, 2005 WL 927012, 04 Cr. 424 (RWS) (S.D.N.Y. Apr. 21, 2005) ("The courts of this Circuit repeatedly have denied pretrial requests for discovery orders pursuant to Brady where the government has made such good faith representations."). We similarly accept the Government's good faith assurances that it will provide the defense with impeachment materials consistent with the requirements set forth in Giglio v. United States, 405 U.S. 150 (1972).[5] As to the Government's rationale for "rejecting" the testimony of the eyewitness who identified Individual-1 as one of the perpetrators of the crime charged, the Government is under no obligation to provide the defense with its own views of specific pieces of evidence and we decline to compel such disclosure.

---

or 18 U.S.C. § 3500, which may (or may not) otherwise require the production of the described notes or reports.

[5]   To the extent that the timing of the disclosure of Giglio material remains unresolved, the Government is hereby ordered to produce it no later than May 31, 2019.

Finally, the Government is not required to take notes when it meets with potential witnesses, let alone undertake the significantly more burdensome task of creating typed, "substantially verbatim" transcriptions of said meetings. Defendants' motion to compel the creation and/or production of such material is therefore denied.

For the foregoing reasons, defendants' pending motions are denied. The parties are hereby directed to file any motions in limine no later than May 20, 2019, with responses due by May 28 and replies due by May 31. The parties are further directed to file their proposed voir dire and requests to charge no later than June 3, 2019.

**SO ORDERED.**

Dated:     New York, New York
           May 6, 2019

                                              NAOMI REICE BUCHWALD
                                              UNITED STATES DISTRICT JUDGE

6